UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACK MCCLINTON,<br><br>          Plaintiff,<br><br>vs.<br><br>NEVADA LEGISLATIVE COUNSEL MEMBERS, *et al.*,<br><br>          Defendants. | 3:08-cv-0580-LRH-RAM<br><br><u>ORDER</u> |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1). The Court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed.

**I.     Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28

1  (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   The Instant Complaint

Plaintiff sues thirty-six (36) members of the Nevada Legislature[1] as well as Howard Skolnik, Director of the Nevada Department of Corrections, in their individual and official capacities for violation of his Constitutional rights. Specifically, Plaintiff describes the nature of his case as follows:

> On July 1, 2007, Nevada Legislature members passed a new A.B. 510 Bill; and Plaintiff was excluded from the bill. The A.B. 510 Bill was retroactive back to crimes committed on or after July 1, 1997; To where Plaintiff was arrested, booked and charge [sic] under the old law, in December of 1994. The retroactive cut-off date is arbitrary, bias, and discriminating towards Plaintiff; and violates Plaintiff's Due Process Rights, Conditions of Confinement, Equal Protection Rights, Equal Treatment Rights, and to be free from cruel and unusual punishment, as well as violates Plaintiff's liberty interest, federal law; All inmates are to be treated equally under color of law. . . .

Plaintiff avers two counts in his complaint: Count I claims violation of his "Ex-Post Facto, 6th, 8th and 14th Amendment" rights of due process; and Count II claims violation of his "6th, 8th and 14th Amendment" rights to equal protection. Plaintiff seeks compensatory and punitive damages.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Legislators are absolutely immune from suit for damages for conduct that is part of their official duties. *See Bogan v. Scott-Harris*, 523 U.S. 44, 48-49 (1998); *Tenney v. Brandhove*, 341 U.S. 367, 378-79 (1951); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163 (9th Cir. 2005); *Kaahumanu v. County of Maui*, 315 F.3d 1215, 1219 (9th Cir. 2003); *Bechard v. Rappold*, 287 F.3d

---

[1] The Legislative defendants include: David Parks, Bernie Anderson, William Horne, Kathy McClain, John Carpenter, Valerie Weber, Francis Allen, Morse Arberry, Kelvin Atkinson, David Bobzien, Barbara Buckley, Jerry Claborn, Marcus Conklin, Moises Denis, Heidi Gansert, Susan Gerhardt, T. Grady, Joe Hardy, Joseph Hogan, Ruben Kihuen, Marilyn Kirkpatrick, Ellen Koivisto, Sheila Leslie, Garn Mabsy, Mark Manendo, John Marvel, Harry Mortenson, Harvey Munford, John Oceguera, James Ohrensehall, Bonnie Parnell, Peggy Pierce, Tick Segerblom, Debbie Smith, and Rosemary Womack.

3

1 827, 829 (9th Cir. 2002); *Chateaubriand v. Gaspard*, 97 F.3d 1218, 1220-21 (9th Cir. 1996); *Trevino v. Gates*, 23 F.3d 1480, 1482 (9th Cir. 1994). This immunity extends both to suits for damages and suits for prospective relief. *See Supreme Court of Va. v. Consumers Union of the U. S., Inc.*, 446 U.S. 719, 732-33 (1980). Thus, Plaintiff fails to state a claim upon which relief may be granted against the thirty-six legislative defendants, and his claims against them must be dismissed.

Plaintiff has also sued NDOC Director Howard Skolnik, claiming that he had "first hand knowledge before the A.B. 510 Bill was passed, that if was arbitrary, bias, and discriminating towards inmates under his care, and under color of law." Taking this statement as true, it does not articulate a viable claim against Defendant Skolnik. Thus, Plaintiff's claims against Defendant Skolnik must also be dismissed.

Even if Plaintiff could articulate cognizable claims for relief, those claims are barred because they implicate the legality of his custody. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 488. Plaintiff has not demonstrated that his conviction has been invalidated, and as such, his claim is not cognizable under section 1983.

Because the Court finds that the plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief, and amendment would be futile, the complaint will be dismissed with prejudice.

Based on the foregoing, and with good cause appearing,

4

1  **IT IS HEREBY ORDERED** that the Clerk of the Court shall **FILE** the complaint.

2  **IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice for failure
3  to state a claim upon which relief can be granted.**

4  **IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE** and
5  **ENTER JUDGMENT ACCORDINGLY.**

6  DATED this 17th day of June, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5